# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| A.V. and AARON VANN,<br>    *Plaintiffs*,<br><br>v.<br><br>PLANO INDEPENDENT SCHOOL<br>DISTRICT,<br>    *Defendant*. | §<br>§<br>§<br>§   Civil Action No.  4:21-CV-00508<br>§   Judge Mazzant<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Request for Reconsideration (Dkt. #43). After reviewing the request, the Court finds it should be **DENIED**.

## BACKGROUND

The facts of this case are fully set out in the Court's Memorandum Opinion and Order and Findings of Fact and Conclusion of Law (Dkt. #33) (the "Opinion"), which was entered on February 14, 2022. Following a bench trial on the merits, the Court found in favor of Plaintiff A.V. on his claim that Defendant Plano Independent School District (the "District") violated A.V.'s substantive due process rights because the District's interpretation and application of its disciplinary policy was arbitrary and capricious, and unsupported by applicable law and facts. The Court found in favor of the District on Plaintiffs' other claims. The parties were directed to submit briefing on the issue of damages and any other relief not resolved by the Opinion.

On March 13, 2022, Plaintiffs filed their brief on damages and requested relief (Dkt. #39). On March 25, 2022, the District filed a response (Dkt. #43). As part of the District's response, the District requested this Court reconsider its findings on liability made in the Opinion (Dkt. #43

¶¶ 28–35). Plaintiffs filed a reply on April 1, 2022 (Dkt. #44), and the District filed a sur-reply on April 8, 2022 (Dkt. #45).

## LEGAL STANDARD

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (citations omitted). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Id.* at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id.* District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, "litigants are expected to present their strongest case when the matter is first considered." *Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995) (citation omitted).

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "A Rule 59(e) motion may not be used to relitigate issues that were resolved to the movant's dissatisfaction." *Glass v. United States*, No. 3:00-CV-1543, 2004 WL 2189634, at *1 (N.D. Tex. 2004) (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989)). "District courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'" *Id.* (citing *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)). "In exercising this discretion, a district court must 'strike the proper balance

between the need for finality and the need to render just decisions on the basis of all the facts.'" *Id.*

## ANALYSIS

The District requests the Court reconsider its determination that the District violated A.V.'s substantive due process rights. The District claims reconsideration is warranted on two grounds: (1) the Court inaccurately applied *Goss v. Lopez*, 419 U.S. 565 (1975); and (2) the Court misread the facts and holding of *Harris ex rel. Harris v. Pontotoc County School District*, 635 F.3d 685 (5th Cir. 2011). For the reasons discussed below, the District has not shown reconsideration is warranted on either ground.

**I.** *Goss v. Lopez*

First, the District claims that the Court misapplied *Goss v. Lopez* because "*Goss* did not hold that a three-day suspension was sufficient to implicate a student's due process rights" (Dkt. #43 ¶ 31). Any misunderstanding here lies with the District's reading of this Court's Opinion. As a preliminary matter, the Court did not assert—nor does it now—that *Goss* presented the exact same factual or legal issues presented in this case. To be sure, the Court cited to *Goss* as "*see e.g.*," meaning "see, for example." Moreover, in referencing to *Goss* as an example, the Court stated that *Goss* found a ten-day suspension sufficient to implicate a student's due process rights:

> [T]he District's decision to discipline A.V. with a three-day suspension is sufficient to implicate A.V.'s protected interest against exclusion from the educational process. *See, e.g.*, *Goss*, 419 U.S. at 573 (ten-day suspension sufficient) . . .

(Dkt. #33 at p. 15).

The Court did not state—as the District appears to assert—that *Goss* dealt with the same three-day suspension A.V. was disciplined with. Rather, the Court's citation to *Goss* was to reinforce the legal principle that even a short period of out-of-school suspension may be sufficient to implicate a student's due process rights—a principle the District still refuses to recognize. Thus,

3

while the District's request may be styled as a request for reconsideration, the District has shown nothing more than a "mere disagreement" with the Court's Opinion. *Krim*, 212 F.R.D. at 331. Reconsideration is not justified on that basis.

The District then argues that this Court's Opinion contradicts *Dunn v. Tyler Independent School District*, 460 F.2d 137 (5th Cir. 1972), and other Fifth Circuit precedent. This argument is unpersuasive. To start, the District attempts to support this argument by claiming "the *Goss* court approvingly cited to the Fifth Circuit's opinion in *Dunn*" (Dkt. #43 ¶ 32). Yet, similar to the above, the Supreme Court in *Goss* cited to *Dunn* within a collection of string-citations as an example of inconsistencies among the Circuit Courts in how the Due Process Clause was being applied to different lengths of disciplinary suspensions. *See Goss*, 460 F.2d at 576 n.8.

Moreover, for the District to contend that *Dunn* "held that the [D]ue [P]rocess [C]lause was inapplicable to suspensions for not more than three days" (Dkt. #43 ¶ 32), is to stretch *Dunn*'s holding far beyond any reasonable interpretation. In *Dunn*, the Fifth Circuit concluded that a school regulation allowing for suspensions of three days or less without a hearing was "constitutionally sufficient." 460 F.2d at 144, 146 ("We reject the theory" that a two-day suspension "imposed as a penalty . . . without a hearing [is] in violation of the school regulations and of the Constitution."). In reaching this conclusion, the Fifth Circuit only discussed what process was due under the circumstances. Nowhere in the opinion did the Fifth Circuit conduct an analysis on whether the Due Process Clause was applicable or not. In fact, the Supreme Court recognized as much when it cited to *Dunn* and similar cases in *Goss*:

> In the cases holding no process necessary in connection with short suspensions, it is not always clear whether the court viewed the Due Process Clause as inapplicable, or simply felt that the process received was 'due' even in the absence of some kind of hearing procedure.

419 U.S. at 576 n.8. Seeing as even the Supreme Court noted the lack of clarity in how *Dunn* and

4

similar cases applied the Due Process Clause, the District has not persuaded this Court that its Opinion contradicts *Dunn* or is "clearly a manifest error of law." *Krim*, 212 F.R.D. at 331.

## II.     *Harris v. Pontotoc County School District*

The District next claims that the Court misread the facts of *Harris*. According to the District, there are no facts in *Harris* indicating that the plaintiff student was disciplined with a three-day suspension (Dkt. #43 ¶ 33). For the District's benefit, the Court will briefly recount the factual and procedural history of *Harris*.

On April 30, 2010, the Northern District of Mississippi granted summary judgment in favor of the defendant. The district court's summary of the case begins as follows:

> The plaintiffs, Phyllis Harris and her son Derek Harris, bring this action against the Pontotoc County School District and its superintendent Ken Roye asserting that Phyllis Harris' First Amendment rights were violated when the defendants discharged her because she spoke on behalf of her son after he was suspended for three days and sent to alternative school for alleged violations of the school's computer policy.

*Harris v. Pontotoc Cnty. Sch. Dist.*, No. 1:09-CV-19, 2010 WL 1759545, at *1 (N.D. Miss. Apr. 30, 2010). Then later, in finding the defendant had not violated Derek's due process rights, the district court reiterated the length of the suspension, stating: "Derek's suspension was only three days and therefore falls into the short, or temporary, suspension category as defined by the *Goss* Court." *Id.* at *3. Plaintiffs timely appealed. The Fifth Circuit affirmed.

In affirming the district court's grant of summary judgment, the Fifth Circuit found that "[b]ecause Derek was subject to a temporary suspension of no more than 10 days," the defendant was required under the Due Process Clause to provide Derek with certain fundamentally fair procedures, which the defendant had done. *See Harris*, 635 F.3d at 690. While the Fifth Circuit took issue with some of the district court's factual findings—such as whether Derek admitted to having possession of an operative key logger program—nothing in the Fifth Circuit's opinion

indicates that the district court's characterization of the length of Derek's suspension was incorrect. *See Harris*, 635 F.3d at 691 (discussing the portion of the district court's summary of the evidence the Fifth Circuit disagreed with). Thus, the District has not demonstrated an error in this Court's citation that *Harris* found a "three-day suspension sufficient" to implicate a student's due process rights (Dkt. #33 at p. 15).

Accordingly, the Court finds that the District has failed to demonstrate any justification for reconsideration.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Request for Reconsideration (Dkt. #43) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 23rd day of May, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE